■ In the Matter of the Arbitration between EMPIRE INSURANCE COMPANY, Respondent, and ANN M. CARRAHER et al., Respondents. PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Appellant.—Order of the Supreme Court, New York County (William Davis, J.), entered March 8, 1989, which granted petitioner's motion for a permanent stay of arbitration and which held, *inter alia,* that Pennsylvania National Mutual Casualty Insurance Company did not prove cancellation of its policy, unanimously affirmed, without costs.

Respondent Ann Carraher alleges that she was injured when the vehicle she was driving was struck by a car owned by Robert Pacheco and operated by his son, William Pacheco. Mrs. Carraher requested arbitration of her claim for uninsured motorist benefits as provided in the policy issued by petitioner. Petitioner moved to stay the arbitration proceeding on the ground, *inter alia,* that the Pacheco vehicle was insured by Pennsylvania National Mutual Casualty Insurance Company (Pennsylvania), which was joined as an additional party. Pennsylvania argued that its policy had lapsed or had been canceled and that, in any event, it was an improper party because its policy was issued on behalf of the New Jersey Automobile Full Insurance Underwriting Association

(JUA). Therefore, Pennsylvania asserted, JUA was the proper party respondent.

The IAS court granted petitioner's motion for a permanent stay of arbitration of the claim for uninsured motorist benefits on the ground that Pennsylvania failed to prove that its policy had been canceled. Upon this appeal, Pennsylvania asserts that the order should be reversed insofar as it granted the petition to name Pennsylvania as an additional respondent. Pennsylvania supports its claim with New Jersey statutes which essentially provide that a servicing carrier of JUA shall issue policies on behalf of JUA in the name of the servicing carrier but that the servicing carrier shall not have individual liability for claims or policies written by JUA *(see,* NJ Stat Annot §§ 17:30E-7, 17:30E-8). Pennsylvania also cites *Rubin v Allstate Ins. Co.* (NYLJ, Feb. 29, 1988, at 17, col 1) in support of its position.

According to Pennsylvania's argument, New York State residents are precluded from seeking redress against JUA-servicing carriers in the New York courts even though damages are allegedly sustained in an automobile accident occurring in New York State with a New Jersey resident who had obtained his insurance from a servicing carrier of JUA insurance. Significantly, JUA could not be sued directly in New York since JUA is not doing business in this State, and the action did not arise out of the transaction of business in this State *(see, Rubin v Allstate Ins. Co., supra).*

As the Legislature of New York has clearly expressed its concern for innocent victims of car accidents in this State *(see,* Insurance Law § 5201; Vehicle and Traffic Law §§ 250, 253), to uphold the immunity sought by Pennsylvania would effectively thwart the intent and purpose of New York State legislation protecting its citizens.

While the New Jersey statutes require that JUA be sued directly in the name of JUA *(see,* NJ Stat Annot § 17:30E-7 [b]), this requirement is only applicable where the plaintiff is in direct privity with the servicing carrier defendant *(see, Rubin v Allstate Ins. Co., supra).* It is not applicable in the instant situation where a third-party resident of New York is the alleged innocent victim of a negligent act committed in New York, and the insured is covered by a policy issued by a servicing carrier of JUA. Therefore, petitioner is not foreclosed from suing Pennsylvania directly, and Pennsylvania is a proper party to this action notwithstanding that it may subsequently enforce its rights against JUA in an action in

the New Jersey courts. Concur—Rosenberger, J. P., Kassal, Ellerin, Smith and Rubin, JJ.